IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEWEY ADAM GARNER, | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-281 (MTT) |
| CHERI BAKER, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

After conducting a preliminary screening of Plaintiff Dewey Garner's complaint, United States Magistrate Judge Charles Weigle granted Garner's motion to proceed *in forma pauperis*, Doc. 2, and recommends dismissing the complaint without prejudice because venue is improper in the Middle District of Georgia. Doc. 5 at 4-5. Within Garner's fourteen-day objection period and within twenty days of filing his complaint, Garner filed what the Court construes to be a motion to amend his complaint.[1] *See* Doc. 6. In that motion, Garner seeks to add numerous new allegations and defendants. *Id.* at 1. As in his complaint, these new claims involve events occurring in Arizona, Colorado, and the Northern District of Georgia. *Id.* at 1-2. Accordingly, the Court first addresses Garner's motion to amend.

---

[1] Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course" within 21 days after serving it, or after the earlier of service of any responsive pleading or service of a rule 12(b) motion, but in all other cases a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(1), (a)(2). Here, Garner does not have the right to amend as a matter of course because his complaint was neither served, nor was a responsive pleading received.

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (internal quotation marks and citation omitted).

In this case, Garner's amended complaint would still be subject to dismissal because none of Garner's new allegations concern Defendants that reside in this district or events that occurred in this district. Therefore, venue remains improper in the Middle District of Georgia, and Garner's motion to amend, Doc. 6, is **DENIED** for futility. More importantly, Garner's motion to amend does not constitute an objection, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews the Recommendation for clear error.[2] After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 5) is **ADOPTED** and made the Order of the Court. Accordingly, Garner's claims are **DISMISSED WITHOUT PREJUDICE**.[3]

**SO ORDERED**, this 24th day of September, 2021.

                                            S/ Marc T. Treadwell
                                            MARC T. TREADWELL, JUDGE
                                            UNITED STATES DISTRICT COURT

---

[2] However, if reviewed *de novo*, the result would be the same.

[3] Garner also filed a motion to litigate *pro se*. Doc. 3. It is not necessary to get permission to represent oneself in a civil action. That motion is **DISMISSED** as moot.